IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEOPOLDO DIAZ RIVERA, | ) |
| Petitioner, | ) |
| | ) No. 25-cv-12757 |
| v. | ) |
| | ) Judge Andrea R. Wood |
| PAM BONDI, et al., | ) |
| Respondents. | ) |

**ORDER**

    Petitioner's petition for a writ of habeas corpus [1], [8] is granted. Within seven days of the entry of this order, Respondents shall either (1) provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a), at which Respondents will have the burden of showing by clear and convincing evidence that Diaz Rivera poses a risk of flight or a danger to the community such that his detention is necessary, or (2) release him from custody under reasonable conditions of supervision. By 12/10/2025, the parties shall file a joint status report addressing Petitioner's release status, including confirming that he received a bond hearing and stating the result of that bond hearing. In addition, the Court observes that Petitioner's prayer for relief may include additional matters that have not been addressed by this order. Accordingly, the 12/10/2025 status report shall state whether Petitioner seeks any additional relief. See the accompanying Statement for details.

**STATEMENT**

    Petitioner Leopoldo Diaz Rivera is a citizen of Mexico who entered the United States without inspection in 2001 and has resided here ever since. On October 17, 2025, Diaz Rivera was arrested and taken into custody by U.S. Immigration and Customs Enforcement ("ICE"). In line with a recent decision issued by the Board of Immigration Appeals ("BIA"), *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025), he has been detained without the opportunity to seek release at an individualized bond hearing before an Immigration Judge. For that reason, Diaz Rivera has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asking this Court to find that he was unlawfully arrested, that Respondents' actions are unlawful under the applicable provisions of the Immigration and Nationality Act ("INA") and the Administrative Procedure Act ("APA"), and that his detention without bond violates the Due Process Clause of the Fifth Amendment, and to order Respondents to either immediately release him or grant him a bond hearing. (Dkt. Nos. 1, 8.) For the reasons that follow, Diaz Rivera's habeas petition is granted.

**I.**

Diaz Rivera is a citizen of Mexico who entered the United States without inspection in 2001 and has been present in this country since then. (Am. Pet. ¶¶ 13, 33, Dkt. No. 8.) Prior to his arrest, he resided in Round Lake, Illinois. (*Id.* ¶ 13.) Diaz Rivera is the father of a U.S. citizen child and serves as the primary provider for his family. (*Id.* ¶¶ 13, 33.) On October 17, 2025, ICE arrested Diaz Rivera without a valid warrant and purportedly without probable cause. (*Id.* ¶¶ 1–2, 34–37.) Initially, Diaz Rivera was detained at the Broadview Detention Center in Broadview, Illinois. (Resp'ts' Status Report ¶ 1, Dkt. No. 7.) He was detained at that facility when he filed the present habeas petition. (*Id.*) Currently, Diaz Rivera is being detained at the Marion County Jail in Indianapolis, Indiana (Am. Pet. ¶ 13.)

**II.**

Based on *Yajure Hurtado*, Diaz Rivera has been deemed an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and therefore ineligible for release while he awaits removal proceedings. Accordingly, he has been denied a bond hearing before an Immigration Judge. In his habeas petition, Diaz Rivera contends that the BIA in *Yajure Hurtado* incorrectly interprets the relevant provisions of the INA and his detention is actually governed by 8 U.S.C. § 1226(a), not § 1225(b)(2)(A). Detention is discretionary for aliens detained under § 1226(a), subject to exceptions for certain categories of "criminal aliens" not applicable to him. Diaz Rivera further argues that his continued detention without a bond hearing violates the Due Process Clause of the Fifth Amendment and the APA. In addition, Diaz Rivera asserts that he was wrongfully arrested in violation of the Fourth Amendment and the statute and regulations governing ICE's authority to make warrantless arrests of noncitizens.

This Court has previously confronted several of the same issues as presented in Diaz Rivera's habeas petition in *Ramirez Martinez v. Noem*, No. 25-cv-12029, 2025 WL 3145103 (N.D. Ill. Nov. 11, 2025). In granting relief in *Ramirez Martinez*, this Court determined that § 1226(a) governs detention pending removal proceedings of a noncitizen already residing in the country for an extended period and that such a noncitizen has a Fifth Amendment due process right to a bond hearing. Every other court in this District that has addressed those issues on the merits has reached the same conclusions. *E.g.*, *Miguel v. Noem*, No. 25 C 11137, 2025 WL 2976480 (N.D. Ill. Oct. 21, 2025); *H.G.V.U. v. Smith*, No. 25 CV 10931, 2025 WL 2962610 (N.D. Ill. Oct. 20, 2025); *Ochoa Ochoa v. Noem*, No. 25 CV 10865, 2025 WL 2938779 (N.D. Ill. Oct. 16, 2025). Respondents' brief in opposition to Diaz Rivera's petition acknowledges the many decisions rejecting their arguments against granting habeas relief to petitioners like Diaz Rivera. Nonetheless, Respondents stand by those arguments and adopt the opposition brief in *Ochoa Ochoa* as their opposition brief here.

As an initial matter, pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Samuel Olson in place of Respondent Russell Hott, as Olson has succeeded Hott in the role of ICE's Chicago Field Office Director. Further, because Diaz Rivera has been relocated to and is currently detained at the Marion County Jail, Marion County Sheriff Kerry J. Forestal has been added as a Respondent. As the immediate custodians of Diaz Rivera, first, at the time of his initial detention at the Broadview Detention Center and, now, during his detention at the Marion

County Jail, Olson and Forestal are the only proper Respondents here. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[T]he default rule is that the proper respondent [to a habeas petition] is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). The remaining Respondents are dismissed.

Next, the Court finds that it has jurisdiction over Diaz Rivera's habeas petition. *See Moore v. Olson*, 368 F.3d 757, 759 (7th Cir. 2004) ("Subject-matter jurisdiction . . . is supplied by 28 U.S.C. § 1331, as any claim under § 2241 entails a federal question."). Specifically, none of the three statutory provisions cited by Respondents divests this Court of its jurisdiction. *See Ramirez Martinez*, 2025 WL 3145103, at *2–3. First, the Court's exercise of jurisdiction is not barred by 8 U.S.C. § 1252(g) because that provision "does not sweep broadly; only challenges to the three listed decisions or actions—to commence proceedings, adjudicate cases, or execute removal orders—are insulated from judicial review." *E.F.L. v. Prim*, 986 F.3d 959, 964 (7th Cir. 2021). And Diaz Rivera does not challenge any of those specified actions. Second, while 8 U.S.C. § 1252(b)(9) limits judicial review of questions of law and fact "arising from any action taken or proceeding brought to remove an alien from the United States," that section does not preclude the exercise of jurisdiction over questions about whether "certain statutory provisions require detention without a bond hearing." *Jennings v. Rodriguez*, 583 U.S. 281, 292 (2018). And finally, 8 U.S.C. § 1252(a)(2)(B)(ii) does not apply because Diaz Rivera "does not challenge a discretionary bond denial by an [Immigration Judge] under § 1226(a)" but instead challenges Respondents' refusal to provide him such a hearing because he is subject to mandatory detention. *Ochoa Ochoa*, 2025 WL 2938779, at *4.

The Court also finds that, because Diaz Rivera's habeas challenge concerns whether he is subject to mandatory detention under § 1225 or discretionary detention under § 1226(a), the matter became ripe immediately upon his detention. *Ramirez Martinez*, 2025 WL 3145103, at *3. And moreover, the Court declines to require administrative exhaustion, as Respondents claim it should, since the BIA's decision in *Yajure Hurtado* shows that it has predetermined the statutory issue presented in Diaz Rivera's habeas petition and there is nothing to suggest that the BIA will change its position. *See id.* at *4; *see also Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (explaining that although the general rule calls for "parties [to] exhaust prescribed administrative remedies before seeking relief from the federal courts," exhaustion will be excused where "appealing through the administrative process would be futile because the agency is biased or has predetermined the issue").

Turning to the merits of Diaz Rivera's petition, the Court again reaches the same conclusions regarding his detention without bond as it did in *Ramirez Martinez*. As to the statutory question, the Court finds that detention of a noncitizen like Diaz Rivera, who entered this country without inspection and has continuously resided here for an extended period of time since then, is governed by § 1226(a). *See Ramirez Martinez*, 2025 WL 314513, at *5–6. While Diaz Rivera falls within § 1225(a)(1)'s broad definition of "applicant for admission," § 1225(b)(2)(A) requires mandatory detention "in the case of an alien who is an applicant for admission" where the alien is also "seeking admission." The provision's use of the word "'seeking' implies action and [noncitizens] who have been present in the country for years are not actively 'seeking admission.'" *Ochoa Ochoa*, 2025 WL 2938779, at *6. By contrast, there is nothing in the plain language of § 1226(a) that would exclude Diaz Rivera from its scope. And

until only very recently, the Government's practice was to apply § 1226(a) to noncitizens like Diaz Rivera. That "longstanding practice of the [G]overnment—like any other interpretative aid—can inform a court's determination of what the law is." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 386 (2024) (internal quotation marks omitted).

The Court further concludes that Diaz Rivera has a Fifth Amendment due process right to a bond hearing. *See Ramirez Martinez*, 2025 WL 314513, at *7. In determining whether a noncitizen's detention without a bond hearing violates his right to procedural due process, courts balance the following factors: "first, the private interest at stake; second, the risk of erroneous deprivation and the value, if any, of additional procedural safeguards; and third, the government's countervailing interests." *Miguel*, 2025 WL 2976480, at *7 (quoting *Simpson v. Brown County*, 860 F.3d 1001, 1006 (7th Cir. 2017)). All three factors weigh in favor of Diaz Rivera. First, his liberty is at stake. Second, there is nothing to indicate that he poses a danger to others, making the risk of erroneous deprivation of his liberty high. And third, holding a bond hearing does not impair the Government's legitimate interest in prompt execution of removal orders.

Finally, the Court notes that while Diaz Rivera also contends that ICE wrongfully arrested him without either a valid warrant or probable cause, those issues implicate the settlement agreement in *Castañon Nava v. Department of Homeland Security*, 18-cv-3757, 2025 WL 2842146 (N.D. Ill. Oct. 7, 2025), a class action related to ICE's compliance with its statutory obligations when conducting warrantless arrests of noncitizens. If Diaz Rivera believes that he is entitled to relief under the *Castañon Nava* settlement agreement, there is a process by which he may seek to join the class in that case. *See* Referral Form: Castañon Nava Settlement Violations, https://immigrantjustice.org/referral-form-castanon-nava-settlement-violations-formulario-de-remision-sobre-violaciones-del-acuerdo-castanon-nava/ (last visited Nov. 26, 2025). Such relief is properly addressed there rather than as part of this proceeding.

For the foregoing reasons, Diaz Rivera's petition for a writ of habeas corpus is granted. While Diaz Rivera seeks either his immediate release or a bond hearing for his removal proceedings, the Court finds that the latter form of relief is proper. Thus, within seven days of the entry of this order, Respondents shall either (1) provide Diaz Rivera with a bond hearing pursuant to 8 U.S.C. § 1226(a), at which Respondents will have the burden of showing by clear and convincing evidence that Diaz Rivera poses a risk of flight or a danger to the community such that his detention is necessary, or (2) release him from custody under reasonable conditions of supervision.

Dated: November 26, 2025

Andrea R. Wood
United States District Judge